UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REX DICKEY, | ) | 1:06-CV-0695 AWI JMD HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| A.K. SCRIBNER, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Kings County Superior Court. A jury convicted him of second degree murder and found true allegations that Petitioner was a recidivist offender under California's Three Strikes law. The trial court sentenced him to 45 years to life in state prison. (Answer at 1-2.)

Petitioner filed an appeal in the California Court of Appeal. The court affirmed the judgment in a reasoned opinion. (Answer at 2; Lodged Doc. 1.)

Petitioner filed a petition for review in the California Supreme Court. The court summarily denied review. (Answer at 2; Lodged Doc. 2.)

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. The

court summarily denied the petition. (Answer at 2; Lodged Doc. 3.)

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. The court summarily denied the petition. (Answer at 2; Lodged Doc. 4.)

On June 6, 2006, Petitioner filed the instant petition in this Court. The petition raises the following four grounds for relief: 1) the California Court of Appeal failed to provide a fair and unbiased review of Petitioner's case; 2) the trial court erred when it failed to give an antecedent threat instruction *sua sponte*; 3) ineffective assistance of trial counsel; and 4) Petitioner's rights were violated when the trial court permitted an unqualified witness to testify as an expert.

On February 11, 2008, Respondent filed an answer to the petition.

## FACTUAL BACKGROUND[1]

On June 26, 2001, Petitioner, an inmate in the secured housing unit at Corcoran State Prison, stabbed his cellmate, Bryant Geisler, mortally wounding him with 28 blows to the back, chest, and left arm. Petitioner was charged with first degree murder. It was specially alleged that Petitioner had four prior strikes for burglary convictions he suffered in 1982, 1986, 1991, and 2000. Jury trial was held. Petitioner testified that he stabbed Geisler in self-defense after Geisler attacked him with a knife. The trial court gave the jury the standard CALJIC instructions on self-defense. The jury found Petitioner guilty of second degree murder and found all of the prior strike allegations true. He was sentenced to 45 years to life imprisonment, to be served consecutive to the 27-year sentence he already was serving.

## DISCUSSION

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Kings County Superior Court,

---

[1] The facts are derived from the factual summary set forth by the California Court of Appeal in its opinion of November 18, 2004 and are presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1); Lodged Doc. 1.

which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).
Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II.  Legal Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."  28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'"  Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision."  Id., *quoting* Williams, 592 U.S. at 412.  "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  Id.

U.S. District Court
E. D. California          Jp                                        3

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

### III. Review of Petitioner's Claims

**A. Ground One**

Petitioner argues that the California Court of Appeal failed to provide a fair and unbiased review of his case.

This claim was presented in petitions for writ of habeas corpus to the California Court of Appeal and California Supreme Court, which summarily denied the petitions. (Lodged Docs. 3-4.) When the state court reaches a decision on the merits but provides no reasoning to support its conclusion, we independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). However, although we independently review the record, we still defer to the state court's ultimate decision. Id.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quotation marks omitted).

Petitioner, aside from his other specific substantive claims relating to the Court of Appeal's decision, has not alleged specific facts to support his claim that the California Court of Appeal failed to conduct a fair and unbiased review of his case. Petitioner's claim of unfairness and bias therefore does not warrant habeas relief. To the extent Petitioner's bias claim relates to his claims of instructional error and ineffective assistance, it will be addressed in the remaining grounds for relief.

**B. Ground Two**

Petitioner argues that the trial court erred when it failed to give an antecedent threat instruction *sua sponte*. Petitioner claims that the instruction was necessary because the standard jury instructions on self-defense are misleading, as they suggest that jurors should not consider prior threats made against a defendant.

This claim was presented in an appeal to the California Court of Appeal, which affirmed the judgment in a reasoned opinion. (Lodged Doc. 1.) The issue was then raised in a petition for review to the California Supreme Court, which summarily denied review. (Lodged Doc. 2.) The California Supreme Court, by its "silent order" denying review, is presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court. Ylst v. Nunnemaker, 501

1  U.S. 797, 803 (1991).

2       In rejecting Petitioner's claim, the Court of Appeal found that the trial court was not required
3  to give the antecedent threat instruction because Petitioner did not request it.  The court further found
4  that the standard jury instructions on self-defense were not misleading and reasonably encompassed
5  the principles expressed in the proposed antecedent threat instruction.  (Lodged Doc. 1, Court of
6  Appeal Opinion at 2-4.)

7       To obtain federal habeas relief on the basis of an incorrect jury instruction, a petitioner must
8  show more than that the instruction was undesirable, erroneous, or even universally condemned; the
9  question is whether the instruction by itself so infected the entire trial that the resulting conviction
10 violated due process.  Estelle v. McGuire, 502 U.S. 62, 71-72 (1991); Henderson v. Kibbe, 431 U.S.
11 145, 154-155 (1977).  "It is well established that the instruction 'may not be judged in artificial
12 isolation,' but must be considered in the context of the instructions as a whole and the trial record."
13 Estelle, 502 U.S. at 72.

14      Petitioner testified that, while he was in a cell with the decedent, the decedent brandished a
15 large prison-made knife and told Petitioner that he was going to stab him.  The decedent then came
16 toward Petitioner, but he dropped the knife when Petitioner acted like he was going to kick him.
17 After a struggle for the knife, Petitioner stabbed the decedent several times and told him to "sit
18 down."  When the decedent continued to struggle with Petitioner, he stabbed him several more times.
19 Petitioner stated that he was afraid for his life during the incident.  (RT at 594-99.)

20      The trial court instructed the jury with CALJIC 5.12, which describes justifiable homicide in
21 self-defense as follows:

> The killing of another person in self-defense is justifiable and not unlawful when the person who does the killing actually and reasonably believes:
>
> Number 1.  That there is imminent danger that the other person will either kill him or cause him great bodily injury; and
>
> Number 2.  That it is necessary under the circumstances for him to use in self-defense force or means that might cause the death of the other person for the purpose of avoiding death or great bodily injury to himself.
>
> A bare fear of death or great bodily injury is not sufficient to justify a homicide.  To justify taking the life of another in self-defense, the circumstances must be such as would excite the fears of a reasonable person placed in a similar position, and the party killing must act under the influence of those fears alone.  The danger must be

>    apparent, present, immediate and instantly dealt with, or must so appear at the time to the slayer as a reasonable person, and the killing must be done under a well-founded belief that it is necessary to save one's self from death or great bodily harm.

(RT at 813.) Petitioner argues that the trial court should have further instructed the jury that it should consider antecedent threats made by the decedent against Petitioner when assessing whether Petitioner acted in self-defense. See People v. Pena, 151 Cal.App.3d 462, 476 (1984); People v. Bush, 84 Cal.App.3d 294, 303 n.2 (1978); People v. Torres, 94 Cal.App.2d 146, 151 (1949). Petitioner claims that, without a specific instruction on antecedent threats, CALJIC 5.12 was likely to mislead the jury into believing that it must ignore the prior threats and focus only on whether there was an "imminent danger."

The state court's determination was not unreasonable. The trial court instructed the jury with CALJIC 5.12, which informed the jury that it must consider whether Petitioner reasonably believed that he was in imminent danger and that it was necessary under the circumstances to respond with deadly force. This instruction properly conveyed the requirements of self-defense under California law. While an additional instruction regarding antecedent threats may have been appropriate, it was not necessary, as the jury would have not been misled into believing that it could not consider the prior threats made against Petitioner when assessing the reasonableness of his beliefs and actions. Petitioner has not shown that the trial court's failure to give an antecedent threat instruction so infected the entire trial that the resulting conviction violated due process.

**C.  Ground Three**

Petitioner argues that his trial counsel was ineffective in not requesting an instruction on antecedent threats.

This claim was presented in an appeal to the California Court of Appeal, which affirmed the judgment in a reasoned opinion. (Lodged Doc. 1.) The issue was then raised in a petition for review to the California Supreme Court, which summarily denied review. (Lodged Doc. 2.) The California Supreme Court, by its "silent order" denying review, is presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claim, the Court of Appeal found that he failed to demonstrate

1 prejudice resulting from counsel's failure to request the instruction. The court explained that the
2 general self-defense instruction sufficiently conveyed the law regarding self-defense and that it was
3 unlikely any further instruction would have affected the jury's verdict. (Lodged Doc. 1, Court of
4 Appeal Opinion at 4-6.)

5 　　　　The law governing ineffective assistance of counsel claims is clearly established for the
6 purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151
7 F.3d 1226, 1229 (9th Cir. 1998). In a petition for writ of habeas corpus alleging ineffective
8 assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668,
9 687 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that
10 counsel's performance was deficient, requiring a showing that counsel made errors so serious that he
11 or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466
12 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard
13 of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of
14 reasonable professional judgment considering the circumstances. Id. at 688; United States v.
15 Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is
16 highly deferential. A court indulges a strong presumption that counsel's conduct falls within the
17 wide range of reasonable professional assistance. Strickland, 466 U.S. at 687; Sanders v. Ratelle, 21
18 F.3d 1446, 1456 (9th Cir. 1994).

19 　　　　Second, the petitioner must demonstrate that "there is a reasonable probability that, but for
20 counsel's unprofessional errors, the result ... would have been different." Strickland, 466 U.S. at 694.
21 Petitioner must show that counsel's errors were so egregious as to deprive the defendant of a fair
22 trial, one whose result is reliable. Id. at 688. The court must evaluate whether the entire trial was
23 fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78
24 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

25 　　　　A court need not determine whether counsel's performance was deficient before examining
26 the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. at
27 697. Since the defendant must affirmatively prove prejudice, any deficiency that does not result in
28 prejudice must necessarily fail. However, there are certain instances which are legally presumed to

result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S. 648, 659 & n.25 (1984). Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of *Williams v. Taylor*, 529 U.S. 362 (2000). Weighall v. Middle, 215 F.3d 1058, 1062 (9th Cir. 2000).

The state court's determination that Petitioner did not show prejudice was not unreasonable. As discussed above, Petitioner claimed that the decedent, after making threats against him, attacked him with a prison-made knife. Petitioner claimed he only stabbed the decedent in self-defense. The trial court gave the general self-defense instruction, CALJIC 5.12, which informed the jury that it must consider whether Petitioner reasonably believed that he was in imminent danger and that it was necessary under the circumstances to respond with deadly force. This instruction correctly stated California law and reasonably conveyed that the jury could properly consider the prior threats against Petitioner when assessing his claim of self-defense. As a result, Petitioner has not shown a reasonable probability that an additional, specific instruction regarding antecedent threats would have affected the outcome of the trial.

### D. Ground Four

Petitioner argues that his rights were violated when the trial court permitted Correctional Sergeant Montgomery to testify as an expert witness. Petitioner claims that Sergeant Montgomery did not have sufficient training to testify as an expert on blood spatter evidence.

This claim was presented in a petition for writ of habeas corpus to the California Supreme Court, which summarily denied the petition. (Lodged Doc. 4.) When the state court reaches a decision on the merits but provides no reasoning to support its conclusion, we independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). However, although we independently review the record, we still defer to the state court's ultimate decision. Id.

"State prisoners are entitled to habeas relief under 28 U.S.C. § 2254 only if their detention violates the Constitution or a federal statute or treaty. A state court's procedural or evidentiary ruling is not subject to federal habeas review unless the ruling violates federal law, either by infringing

1  upon a specific federal constitutional or statutory provision or by depriving the defendant of the
2  fundamentally fair trial guaranteed by due process." <u>Walters v. Maass</u>, 45 F.3d 1355, 1357 (9th Cir.
3  1995) (citations omitted); <u>see</u> <u>also</u> <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000) ( "[A]
4  violation of state law standing alone is not cognizable in federal court on habeas.").

   Correctional Sergeant Montgomery testified that he investigated the scene where Petitioner stabbed the decedent to death. Sergeant Montgomery stated that he had 80 hours of basic investigation training, 40 hours of advanced investigation training, and 40 hours of homicide investigation training. There was a four hour block of bloodstain dynamics training during the basic investigation training and another four hour block during the homicide investigation training. Sergeant Montgomery had investigated approximately five homicides at Corcoran State Prison and numerous assault cases, including ten in which he looked at bloodstain dynamics. The trial court found that Sergeant Montgomery sufficiently demonstrated his training and expertise for purposes of qualifying as an expert and that any question about his qualifications went to the weight and not the admissibility of his testimony. (RT at 507-14.)

   To the extent Petitioner argues that the trial court erred in admitting the expert testimony under state law, his claim is not cognizable on federal habeas. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). Further, Sergeant Montgomery demonstrated a sufficient expertise in investigating blood spatter evidence such that the admission of his expert testimony on the subject did not infringe upon any constitutional right or deprive Petitioner of a fundamentally fair trial.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and
2  filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.
3  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The
4  parties are advised that failure to file objections within the specified time may waive the right to
5  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7  <u>IT IS SO ORDERED.</u>
8  **Dated:    November 25, 2008           /s/ John M. Dixon**
                                    UNITED STATES MAGISTRATE JUDGE